IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS McDANIEL,

    Plaintiff,

vs.                                    CASE NO. 5:11-cv-14/RS-GRJ

UNITED PARCEL SERVICE, INC.,

    Defendant.

_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 23), Statement of Facts (Doc. 24) and Memorandum (Doc. 25), Plaintiff's Response in Opposition (Doc. 31), and Defendant's Reply (Doc. 36).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all

factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## II. Background

Plaintiff, a male over age forty, was employed by Defendant UPS as a package delivery driver for approximately twenty-five years.  (Doc. 1, ¶ 1). In early 2009, Plaintiff alleges that "one of Defendant's supervisors, Mike Johnson, [informed him] that the Defendant had made the decision to terminate older drivers." *Id*. at ¶ 8.  Plaintiff also alleges that Defendant's agents harassed him during this period  and for approximately three years preceding his termination from employment.  Plaintiff filed approximately 50 union grievances against Defendant for the manner in which he was treated.  *Id*. at ¶9.  In March 2009, Defendant terminated Plaintiff's employment.  *Id*. at ¶ 10.  Plaintiff then filed a union grievance challenging the discharge, which resulted in Plaintiff returning to work.  In May 2009, Defendant again terminated Plaintiff's employment.  Plaintiff filed another union grievance challenging the discharge, which resulted in a ruling by the

arbitrator that Defendant did not have the right under the collective bargaining agreement to remove Plaintiff from employment. (Doc. 25, p. 10). Plaintiff and Defendant disagree what happened next, but Defendant contends that it made contact with Plaintiff to reinstate his job and that Plaintiff failed to report to work. *Id.* at 11. Plaintiff states that he was not aware of his reinstatement until after he was discharged for the last time on December 28, 2010. (Doc. 31, ¶4).

### III. Analysis

**ADEA**

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623 (a)(1). When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 141 (2000) (*citing Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). That is, the plaintiff's age must have actually played a role in the employer's decision-making process and had a determinative influence on the outcome. *Id.*

The framework established in M*cDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is used to evaluate those cases based on circumstantial evidence. For those based on direct evidence, a different framework is used.

Direct evidence of discrimination is "evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Van Voorhis v. Hillsborough County Bd. of County Comm'rs*, 512 F.3d 1296,

1300 (11th Cir. 2008) (citations omitted). "Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, . . . constitute direct evidence of discrimination." *Id.* (citation omitted and punctuation altered). "Remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (*citing E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 924 (11th Cir.1990)).

Plaintiff contends that the *McDonnell Douglas* framework does not apply to this case because Plaintiff's claims are supported by direct evidence of discrimination in the form of statements made by Defendant's agent Mike Johnson. Plaintiff alleges that Mr. Johnson is "one of Defendant's supervisors." (Doc. 1, ¶ 8). Mr. Johnson allegedly stated that "the company had decided to terminate older drivers," and also stated that "the company will soon begin to terminate employees over the age of 40." (Doc. 31, p. 17). However, Defendant contends that Mr. Johnson did not supervise Plaintiff and "played no role in the decision to discharge plaintiff." (Doc. 25, p.17). The most comprehensive allegation concerning Mr. Johnson's status is where Plaintiff, by affidavit, stated, "I never said Mike Johnson played a direct role in my firing - only that as a supervisor he said that UPS was to get rid of older drivers, among other things. He is a supervisor for UPS and he can speak for the company based on his knowledge of company practices and plans." (Doc. 32, p. 21, ¶95).

Because Plaintiff has not alleged that Mr. Johnson was a decisionmaker in Plaintiff's termination process, or that Mr. Johnson was Plaintiff's actual supervisor, the

comments by Mr. Johnson are not direct evidence of age discrimination. *See Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1105 (11th Cir.2001) ("Remarks by non-decision makers or remarks unrelated to the decision-making process itself are not direct evidence of discrimination.")). Rather, Mr. Johnson's comments are circumstantial evidence, making the *McDonnell Douglas* framework applicable.[1]

Under that framework, a Plaintiff must first establish a *prima facie* case of discrimination. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). Then, the burden of production shifts to the Defendant to show a legitimate, nondiscriminatory reason for the challenged employment action. *Id.*

To establish a *prima facie* case, Plaintiff must prove that he was (1) a member of the protected class; (2) qualified for his current position; (3) subject to adverse employment action; and (4) treated less favorable than any younger, similarly situated employee. *East v. Clayton County*, 2011 U.S. App. LEXIS 15925, *18 (11th Cir. 2011) (*citing Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997)). Here, Defendant acknowledges that Plaintiff has shown all but the fourth element of the *prima facie* case, that of less favorable treatment of a younger comparator. (Doc. 25, p. 15). Plaintiff does not address Defendant's contention in his memorandum. *Supra*, note 1. However, in the complaint, Plaintiff alleges that he was "treated differently than similarly

---

[1] Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment (Doc. 31) contends that the *McDonnell Douglas* framework is inappropriate, and does not conduct any analysis under that framework. Plaintiff cites a string of cases to buttress his argument. The first case, *Haynes v. W.C. Caye & Co.*, 52 F.3d 928 (11th Cir. 1995), is distinguishable because the direct evidence was a discriminatory statement from the corporate defendant's president, here the comment is from a non-decisionmaker. The second case, *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1552 (11th Cir.1990), is distinguishable because the direct evidence was a discriminatory statement from the individual who appointed the plaintiff's supervisor. The final case, *Thompkins v. Morris Brown College*, 752 F.2d 558 (11th Cir. 1985), is distinguishable for the same reasons—the statements came from the president and the vice president of the college.

situated younger employees." (Doc. 1, ¶ 16). He contends that younger drivers were allowed to take lunch breaks in areas that were marginally removed from their assigned route, while he was disciplined for doing the same thing. *Id.* at ¶ 7. Similarly, he contends that younger drivers were not harassed like he was. *Id.*

These bare statements are not enough. To make a *prima facie* case, Plaintiff must "show that the employees are similarly situated in all relevant respects." *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (citation and quotations omitted). "In determining whether employees are similarly situated . . . it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id.* Plaintiff has not brought forth evidence of any younger employees who were similarly situated with analogous disciplinary infractions such as Defendant's accusation that Plaintiff committed "gross insubordination" by failing to follow the numerous instructions of his on-car supervisor which culminated in the Sherriff's office being called to the scene mid-route. (Doc. 24, ¶¶52-70).

Where a plaintiff establishes a *prima facie* case, the burden of production shifts to the Defendant to show a legitimate, nondiscriminatory reason for the challenged employment action. If the Defendant satisfies this requirement, the burden then shifts back to the plaintiff to show that the proffered reason in pretext for unlawful discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Here, presuming that Plaintiff had made a *prima facie* case, Plaintiff could not satisfy the remainder of the requirements. Defendant claims that Plaintiff's "gross

insubordination" was the legitimate reason for Plaintiff's discharge. (Doc. 25, p. 15). Given the record of alleged insubordination, this reason is legitimate.  Plaintiff, thus, must demonstrate that this reason is pretext.  Plaintiff does not dispute that at the time of his discharge, 30 out of 41 of Defendant's drivers in the Panama City area were age 40 or older.  (Doc. 25, p.17).  Of those thirty, seven where older than Plaintiff.  *Id*. Plaintiff does not contend that any of the older drivers suffered adverse actions or were terminated because of their age.  The fact that numerous protected class members were not subjected to termination raises a strong inference that age was not the motivator behind Defendant's actions.

For these reasons, even in the light most favorable to Plaintiff, Plaintiff has failed to sufficiently allege that he was the victim of age discrimination.

**Retaliation**

The ADEA makes it unlawful for an employer to retaliate against an individual because that person has opposed a practice made unlawful by the ADEA.  29 U.S.C. § 623(d).  The Florida Civil Rights Act has a similar provision.  *See* FLA. STAT. §760.10(7).  In order to state claims for discriminatory retaliation, a plaintiff must present evidence that: (1) he engaged in statutorily protected conduct; (2) he was adversely affected by an employment decision; and (3) there was a causal connection between the statutorily protected conduct and the adverse employment decision.  *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006).

Only after Plaintiff makes this *prima facie* case of discriminatory retaliation does the burden shift to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. *Nichols v. CSG Sys.*, 245 Fed. Appx. 937, 940 (11th Cir. 2007). Should the defendant carry the burden of production by offering legitimate reasons for the action, the presumption raised by the *prima facie* case is rebutted and drops from the case. At that point, the burden remains with the employee to prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for retaliation. *Id.*

Defendant contends that Plaintiff has not established a *prima facie* case because he has not shown that he engaged in protected activity or that there was a causal connection.

The first time that Plaintiff complained of age discrimination was May 11, 2009, subsequent to his 2009 discharges but prior to the his final discharge in 2010. Plaintiff filed a charge of discrimination with the FCHR in November 2009 covering the first two terminations. There is no dispute that this claim has been administratively exhausted. *See* 29 U.S.C. §626(d). A second charge of discrimination was filed during the pendency of case, on August 22, 2011, covering the final 2010 discharge. (Doc. 31, p.9). This claim has not yet been resolved by the FCHR.

Defendant asserts that the case is not ripe for judicial review because the 2010 claim has not been exhausted. Similarly, they assert that Plaintiff cannot show that he engaged in protected activity because the only claim that has been exhausted preceded age discrimination complaints. Because the first claim has been exhausted, it is unnecessary for the second claim to also be exhausted. *See Thomas v. Miami Dade Pub.*

*Health Trust*, 369 Fed. Appx. 19, 23 (11th Cir. 2010) (unpublished) (*citing Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A 1981) ("It is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.").

Presuming that Plaintiff could establish a *prima facie* case of retaliation, the fact that Plaintiff does not adequately address the legitimate reasons for the adverse action is fatal.  Where, as here, the Defendant offers legitimate reasons, the plaintiff has the burden to show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct.  *Sullivan v. AMTRAK*, 170 F.3d 1056, 1059 (11th Cir. 1999). *See also Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008) ("The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct.").

Again, Defendant contends that the reason Plaintiff was dismissed is because of insubordination.   To succeed, Plaintiff must establish "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (*citing Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir.1997)).  Plaintiff offers little in the way of pretext argument.  Plaintiff contends that the Eleventh Circuit in a recent unpublished case, *Benefield v. Fulton Co.*, 130 Fed. Appx. 308, 314 (11th Cir. 2005), has

limited the burden in establishing pretext to mere showing that the employer was aware of the protected expression.  (*See* Doc. 31, p. 23).[2]  I do not read *Benefield* to alter the longstanding requirements to show pretext.  In affirming the dismissal of a retaliation claim, the Court stated that the plaintiff did not prove pretext because she, "failed to produce evidence showing that other employees who had not filed a complaint . . . did not suffer a similar [adverse employment action.]"  *Benefield*, 130 Fed. Appx. at 315.  What happened in *Benefield* is exactly what happened here--Plaintiff has failed to produce evidence showing disparate treatment.

**IT IS ORDERED**:

1.  Defendant's Motion for Summary Judgment (Doc. 23) is **GRANTED**.

2.  This case is dismissed with prejudice.

3.  All pending motions are denied as moot.

**ORDERED** on September 26, 2011.

                                              /S/ Richard Smoak
                                              **RICHARD SMOAK**
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] "The Eleventh Circuit limited an employee's burden in establishing the pretextual nature of an employer's proffered nondiscriminatory reason in the context of retaliation as follows: 'At a minimum, however, a plaintiff must establish that the employer was actually aware of the protected expression at the time it took the adverse employment action.'" (Doc. 31, p. 23) (punctuation altered) (*Citing Benefield v. Fulton Co.*, 130 Fed. Appx. 308, 314 (11th Cir. 2005)).